OPINION
Following a crime spree, Charles R. Jones was indicted and pled guilty to the following six counts:
"Count 1 — Vandalism under R.C. 2909.05(B)(2)
 "Count 2 — Grand Theft of Motor Vehicle under R.C. 2913.02(A)(1)(b)(5)
 "Count 3 — Receiving Stolen Property under R.C. 2913.51(A)
"Count 4 — Vandalism under R.C. 2909.05(B)(1)(a)
"Count 5 — Theft under R.C. 2913.02(A)(1)
 "Count 6 — Tampering with Coin Machines under R.C. 2911.32(A)"
After pleading guilty, Jones was sentenced by the trial court to the following terms of incarceration: Count 1 — eleven months; Count 2 — seventeen months; Count 3 — seventeen months; Count 4 — eleven months; Count 5 — six months; Count 6 — six months. No fine was imposed under any count because of Jones' indigency. The court ordered that sentences in Counts 1, 2 and 3 be served consecutively with each other, and the sentences under Counts 4, 5 and 6 be served concurrently with each other and concurrently with the sentences in Counts 1, 2 and 3, for a total confinement of forty-five months.
Jones is appealing these sentences with the following three assignments of error:
 "1. The court erred by sentencing the appellant to serve a sentence that is longer than the minimum sentence in case of first-time imprisonment.
 "2. The court erred by sentencing the appellant to serve consecutive sentences for counts one, two and three.
 "3. The court erred by sentencing the appellant to the maximum sentence for counts five and six."
Jones argues under his first assignment of error that the court improperly sentenced him to more than the six months minimum under each of the four counts without providing the required findings under R.C.2929.14(B) since Jones had not previously served a prison term. That section mandates that when imposing a prison sentence upon an offender for a felony when the offender has not previously served a prison term, a court must impose the shortest prison term authorized for the offenseunless it will "demean" the seriousness of the offender's conduct or it will not adequately protect the public from future crimes by the offender. The following statements by the court are found in the transcript of the sentencing hearing:
 "THE COURT: You've been stealing for the last six years. You had a breaking and entering back in 1996, criminal damaging, complicity to vandalism. That's six years ago. You've had something about every year since then. (Tr. 7).
* * *
 "With all of the crimes that you have, I don't believe that it's fair to society or really to you not to give you some rather difficult punishment this time. You've had lots of treatment that didn't involve really difficult punishment. It involved giving you chance after chance after chance to do the right thing. And for a period of at least six years, you've fallen back in your same old bad habits. (Tr. 9-10).
* * *
 "The Court finds that the sentence complies with the purposes of sentencing. The sentence meets the overriding purpose to punish the Defendant and protect the public from future crime by the Defendant and others. The sentence considers the need for incapacitation, deterrence, rehabilitation, and restitution. The sentence is commensurate with, and not demeaning to, the seriousness of Defendant's conduct and its impact on the victim and is consistent with sentences for similar crimes by similar Defendants. The sentence is not based on the offender's race, ethnicity, gender or religion.
 "After weighing the seriousness and recidivism factors, prison is consistent with the purposes and principles of sentencing.
 "The factors that determine more serious conduct of the Defendant are:
"1. The victims suffered economic harm.
 "2. The Defendant acted as part of organized criminal activity.
 "3. Defendant has a history of criminal convictions and delinquency adjudications.
 "4. Defendant has not responded favorably to sanctions previously imposed.
 "5. Defendant's drug abuse pattern is related to the offense and Defendant does not acknowledge the pattern.
"6. Defendant shows no genuine remorse.
"The factors that determine that recidivism is more likely are:
"1. The victims suffered economic harm.
 "2. The Defendant acted as part of organized criminal activity.
 "3. Defendant has a history of criminal convictions and delinquency adjudications.
 "4. Defendant has not responded favorably to sanctions previously imposed.
 "5. Defendant's drug abuse pattern is related to the offense and Defendant does not acknowledge the pattern.
 "6. Defendant shows no genuine remorse, previously imposed.
 "3. [sic] Defendant's drug abuse pattern is related to the offense and Defendant does not acknowledge the pattern.
 "4. [sic] Defendant shows no genuine remorse." (Sentencing Entry, February 6, 2002).
This court has previously held that even though a trial court did not use the "magic words" stated in the statute, the sentences should be upheld when the record clearly reflects that the court considered the recidivism factor, which justifies a longer than minimum term of sentence. State v. Rodgers, Montgomery App. No. 19056, 2002-Ohio-3812. The present case is even a stronger one for affirmance than Rodgers
because here the court did use at least one of the magic words — "demeaning" and, further, it is clear from the above-quoted sections of the record that the court, because of Jones' long record of misconduct, determined that the minimum sentence would not adequately protect the public from his possible future crimes. The first assignment of error is overruled.
Jones argues that his consecutive sentences under Counts 1, 2 and 3 are not authorized because the court did not follow the requirements set forth in R.C. 2929.14(E), because the court did not find that consecutive sentences were necessary to protect the public or to punish and not disproportionate, and if the court finds pursuant to (c) a history of criminal conduct. Again, we find from the sections of the record quoted above the court considered the consecutive sentences necessary to protect the public, were not disproportionate to the crimes, and clearly found them justified by Jones' extensive history of criminal conduct. The second assignment of error is overruled.
Under his third assignment of error, Jones argues that his maximum sentences of six months on both Counts 5 and 6 are not authorized by law because the court did not justify them by stating on the record that Jones committed the worst forms of the offense and posed the greatest likelihood of committing future crimes as required by R.C. 2929.14(C). However, as the State points out, that code section applies only to felony sentences, and the charges under Counts 5 and 6 were for misdemeanor offenses. The third assignment of error is overruled and the sentences are affirmed.
WOLFF, P.J. and GRADY, J., concur.